JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-6144 PA (AGRx) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Martin Alarcon v. Windsor Terrace Healthcare, LLC, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Windsor Care Center of Petaluma and joined by Windsor Terrace Healthcare, LLC; S&F Management Company, Inc.; S&F Management Company, LLC; Windsor Health Management, Inc.; 1300 Victory Blvd., LLC; Blythe/Windsor Country Park Healthcare Center, LLC; S&F Market Street Healthcare, LLC; Sandhurst Convalescent Group, Ltd.; Windsor Care Center National City, Inc.; Windsor Cheviot Hills, LLC; Windsor Convalescent and Rehabilitation Center of Concord, LLC; Windsor Convalescent and Rehabilitation Center of Fremont, LLC; Windsor Convalescent and Rehabilitation Center of Salinas, LLC; Windsor Country Drive Care Center, LLC; Windsor El Camino Care Center, LLC; Windsor Elk Grove Care and Rehabilitation, LLC; Windsor Elmhaven Care Center, LLC; Windsor Gardens Convalescent Hospital, Inc.; Windsor Gardens Healthcare Center of Fullerton, LLC; Windsor Gardens Healthcare Center of Hayward, LLC; Windsor Hampton Care Center, LLC; Windsor Hayward Estates, LLC; Windsor Healthcare Golden Palms, LLC; Windsor Monterey Care Center, LLC; Windsor Rosewood Care Center, LLC; Windsor Sacramento Estates, LLC; Windsor Skyline Care Center, LLC; Windsor the Ridge Rehabilitation Care Center, LLC; Windsor Twin Palms Healthcare Center, LLC; Windsor Vallejo Care Center, LLC; Windsor Westlake Healthcare, LLC (collectively "Removing Defendants").  (Docket Nos. 4-5.)

## I.      Background

This action arises out of plaintiff Martin Alarcon's ("Plaintiff") allegations that Removing Defendants violate California wage and hour laws by failing to provide their employees with legally compliant wage statements, wages for all hours worked, properly calculated overtime payments, and full vacation wages.  Plaintiff commenced this action by filing a Class Action Complaint in Los Angeles County Superior Court on June 29, 2016.  Removing Defendants assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  In particular, Removing Defendants argue that Plaintiff's state law claims are preempted by § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, because the claims at issue are governed by a collective bargaining agreement ("CBA") entered into between Removing Defendants and their employees.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-6144 PA (AGRx) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Martin Alarcon v. Windsor Terrace Healthcare, LLC, et al. | | |

### II.    Legal Standard: Removal

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

### III.    Analysis

Removing Defendants have not asserted a satisfactory basis for this Court's jurisdiction. Removing Defendants claim that the Court has federal question jurisdiction over this case because the action arises under federal law based on preemption under § 301 of the LMRA.  Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a).  The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985).  This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6144 PA (AGRx) | Date | August 19, 2016 |
|----------|----------------------|------|------------------|

| Title | Martin Alarcon v. Windsor Terrace Healthcare, LLC, et al. |
|-------|-----------------------------------------------------------|

> such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. However, the scope of § 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12, 105 S. Ct. 1911-12, 85 L. Ed. 2d 206. "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060.

Here, Plaintiff's Complaint contains one cause of action for civil penalties pursuant to the Private Attorneys General Act ("PAGA") of 2005, Cal. Labor Code § 2698, et seq. The PAGA claim, in turn, alleges violations of nine sections of the California Labor Code. Therefore, the rights involved in the PAGA claim – the rights to full overtime payments, properly itemized wage statements, vacation wages,

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-6144 PA (AGRx) | Date | August 19, 2016 |
|---|---|---|---|
| Title | Martin Alarcon v. Windsor Terrace Healthcare, LLC, et al. | | |

and meal and rest breaks – are conferred upon employees by virtue of the California Labor Code, and not the CBA.  See Cal. Lab. Code §§ 201-203, 226, 227.3, 510, 1194, 1197-98.

Removing Defendants also contend that Plaintiff's overtime and vacation wage claims are preempted because the California Labor Code expressly provides that its protections are inapplicable to employees governed by a CBA.  See Cal. Lab. Code §§ 514, 227.3.  As such, Removing Defendants contend that Plaintiff's claim is "viable only under the CBA, and cannot arise under state law."  (See Notice of Removal, ¶ 16; see also id., ¶ 13.)  However, assuming the CBA provides a defense to Plaintiff's state law claims, that alone is insufficient to preempt Plaintiff's claim.  Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense.") (brackets in original).  Nor have Removing Defendants shown that Plaintiff's state law claims require interpretation of – as opposed to mere reference to – the CBA's terms.  See Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. Cal. 1993) ("[R]eference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms.").  Accordingly, because Plaintiff's claims arise under state law and do not require interpretation of the CBA, Plaintiff's claims are not preempted by the LMRA.

### Conclusion

Removing Defendants have not met their burden to demonstrate this Court's federal question jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC625345 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.